DOWNEY, Judge.
In April, 1983, Martin Van Skyhawk borrowed $4,808.28 from Citizens & Southern National Bank of Fort Lauderdale (C & S). Skyhawk executed a note therefor and a security agreement reflecting a lien upon his Corvette automobile.
On July 5, 1984, the City of Lighthouse Point (the City) charged Skyhawk with possession of contraband drugs and seized his Corvette pursuant to the Florida Contraband Forfeiture Act. Thereafter, on July 11,1984, C & S granted Skyhawk a further loan of $5,000, for which a new note was signed. A new loan application form was also filed; the Paid Out Loan Form in Skyhawk’s file was closed out and renewed with the new July, 1984, loan account number; and Skyhawk was notified by letter that the original loan was “paid in full.” The renewal was also secured by the Corvette.
*709 This proceeding commenced some several weeks later, resulting in an order of forfeiture of the Corvette to the City, subject to payment of the C & S lien plus costs and attorney’s fees, whereupon the City perfected this appeal. There is no question here of the City’s entitlement to forfeit the Corvette under the Contraband Forfeiture Act. The rub is produced by virtue of the provisions of the order requiring the City to pay C & S for its lien, fees and costs.
We would have no difficulty affirming if we were dealing with the original loan and lien therefor created in 1983. That lien and security interest were properly protected and under section 932.703(3), Florida Statutes (1983), had priority over any interest that the City might acquire in contraband seized under the Contraband Forfeiture Act. However, although all rights and interest in and title to contraband articles used in violation of section 932.702, Florida Statutes, vest immediately in the state upon seizure by a law enforcement agency, section 932.703(1), they vest subject to the rights of bona fide lien-holders perfected prior to the seizure. §§ 932.701-932.704, Fla.Stat. (1983).
The main issue in the present case is whether the C & S lien being enforced was perfected prior to the vesting of title in the City as a result of the seizure. The answer to that question lies in a determination of the effect of the parties’ conduct in negotiating the new loan. C & S contends the lien of this new loan relates back to the date of the original loan, while the City argues that the evidence demonstrates the old loan was extinguished and the new loan became effective July 11 with the execution of the new note and after the seizure. Whether a renewal note discharges the original obligation or not is dependent upon the intention of the parties and the presumption is the original debt is discharged absent facts manifesting a contrary intent. Houstoun v. Albury, 436 So.2d 224 (Fla. 3d DCA 1983). Accordingly, we hold that the execution of the renewal note, the advice that the old note was paid in full, and the closing out of the old “Paid Out Loan Form” demonstrate an intent to discharge the old loan causing C & S to lose its priority claim, which pre-exist-ed the seizure. The renewal note was not a mere extension of the original loan but rather a new loan executed after the seizure and is subject to the rights of the City and, thus, the trial court erred in holding the City’s interest was subject to the bank’s claim as a lienholder pursuant to section 932.703(3), Florida Statutes (1983).
We, therefore, reverse that aspect of the order of forfeiture which provided the City’s interest in the Corvette was subject to payment of the C & S claim for its lien plus attorney’s fees and costs.
GUNTHER, J., concurs.
LETTS, J., dissents without opinion.